Justin Paul Gladding appeals from an order of the United States District Court for the Eastern District of California, which denied his motion to return property filed pursuant to Federal Rule of Criminal Procedure 41(g). We affirm.
Gladding pleaded guilty to one count of receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of one or more matters containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). At his plea hearing, Glad-ding accepted a plea agreement that forfeited the computers he used to commit his crimes, but asked that the government work with him to retrieve personal, non-contraband files on the forfeit computers. The government agreed, and the district court said, “What I’m going to request is this. That [Gladding’s attorney] be given access to the agent. And that we get the best inventory and/or description of what is on the drives. And then that be provided to Mr. Gladding and it be coordinated. The contraband be separated and the balance of the material be returned.” Glad-ding then entered his guilty plea and the court accepted it. Several months later, Gladding filed a Federal Rule of Criminal Procedure 41(g) motion for return of all non-contraband files from the forfeit computers. The district court denied Glad-ding’s motion.
We conclude that the District Court properly denied the motion. To prevail on a Rule 41(g) motion, the burden is on the “criminal defendant [to] demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was *465 illegal or the government’s need for the property as evidence has ended.” United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir.1987). Gladding has never satisfied this burden because he never indicated which property he seeks is non-contraband nor has he demonstrated that it is non-contraband.
Gladding also seeks specific performance of the prosecutor’s promise to return non-contraband files. Because Gladding never raised this issue before the district court, however, we decline to entertain it now. See United States v. Si, 343 F.3d 1116, 1128 (9th Cir.2003) (“[A]n issue not presented to the trial court cannot be raised for the first time on appeal.”).
AFFIRMED.